UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-00786-AH-CTSx | Date | October 6, 2026 |
| Title | *Vicki Bratton et al v. City of Pismo Beach et al* | | |

| | |
|---|---|
| Present: The Honorable | Anne Hwang, United States District Judge |

| | |
|---|---|
| Yolanda Skipper | Not Reported |
| Deputy Clerk | Court Reporter |

| | |
|---|---|
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Present | None Present |

**Proceedings: (IN CHAMBERS) ORDER DISMISSING CASE FOR LACK OF PROSECUTION [JS-6]**

On August 6, 2026, the Court granted Plaintiffs' motion for counsel to withdraw. *See* Dkt. No. 22. The Court stated that "[w]ithin thirty (30) days from the date of this Order, Plaintiffs must either file an appearance on behalf of themselves or file notice with the Court that they have retained new counsel. Failure to do so will result in dismissal of this action without further notice." To date, Plaintiffs have not done either.

*Carey v. King* examined when it is appropriate to dismiss a lawsuit for failure to prosecute. *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) (per curiam); *see also Link v. Wabash R.R.*, 370 U.S. 626, 629–30 (1962) ("The power to invoke [dismissal] is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."). In deciding whether to dismiss for failure to prosecute, a court must consider "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic sanctions." *Carey*, 856 F.2d at 1440 (internal quotation omitted).

Having considered the factors in *Carey*, the Court concludes that dismissal for failure to prosecute is appropriate.

It therefore is ORDERED that this action is **DISMISSED** without prejudice under the Court's inherent power to achieve the orderly and expeditious disposition of cases by dismissing them for failure to prosecute. The Clerk of Court is directed to close this case.

**IT IS SO ORDERED.**